IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL CARR                                                                                          PLAINTIFF

V.                                                                            NO. 4:15-CV-00120-DMB-DAS

MDOC, ET AL.                                                                                       DEFENDANTS

## ORDER OF DISMISSAL

Before the Court is the Report and Recommendation of United States Magistrate Judge David A. Sanders dated February 11, 2016, Doc. #15; and Plaintiff Michael Carr's objections filed in response, Doc. #20.

The Report and Recommendation recommends that Carr's denial of medical care claim be dismissed for failure to state a claim upon which relief may be granted. Doc. #15. In recommending dismissal, Judge Sanders noted that Carr received numerous medications and evaluations for his medical complaints, and that claims of malpractice or negligence do not support an Eighth Amendment violation for the denial of adequate medical care. *Id*. at 2-3. Carr claims that Judge Sanders "misquoted and misunderstood" his allegations, and argues that the fact that he received medical care does not absolve the defendants of liability when he was "deliberately mishandled and his condition deliberately mistreated." Doc. #20 at 1-2.

It is not sufficient for Carr merely to assert his belief that Defendants acted with deliberate indifference, as his subjective belief as to Defendants' conduct does not control the constitutional inquiry. *See, e.g., Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted) (complaint containing mere "labels and conclusions, or a formulaic recitation of the elements of a cause of action" is insufficient to state a claim). Rather, the denial of medical care by a prison official violates the Eighth Amendment

"when [the official's] conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

In this case, Carr's allegation of deliberate mistreatment is inconsistent with the course of treatment he has admittedly received. *See, e.g., Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (history of medical treatment belied plaintiff's claim of deliberate indifference to medical needs); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (noting inconsistency between plaintiff's allegations that he was denied medical treatment and statement that he was escorted to prison infirmary). Accordingly, Carr's objections are without merit.

It is, therefore, **ORDERED** that:

1. Carr's objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation of United States Magistrate Judge David A. Sanders dated February 11, 2016, is **APPROVED AND ADOPTED** as the opinion of the Court; and
3. This case is **DISMISSED** with prejudice for failing to state a claim upon which relief can be granted, counting as a "strike" under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(g).

**SO ORDERED**, this 26th day of April, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**